IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMANDA MCCAULEY     PLAINTIFF

vs.     Civil No. 2:22-cv-02039

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION     DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Amanda McCauley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.  **Background:**

Plaintiff originally filed her disability application on May 29, 2019. (Tr. 10).[1] In her application, Plaintiff alleges being disabled due to lupus, fibromyalgia, seizure disorder, chronic

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

1

migraines, tongue issues, esophageal issues, heart valve issues, neuropathy, depression, and obesity. (Tr. 176). Plaintiff alleged an onset date of March 31, 2015. (Tr. 10). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 105-149). This hearing was held on January 21, 2021. (Tr. 29-58). At this hearing, Plaintiff was present, and represented by Michael Hamby. *Id.* Plaintiff, former employer witness Keith Lumpkin, and Vocational Expert ("VE"), Montie Lumpkin testified at the hearing. *Id.*

Following the administrative hearing, on April 21, 2021, the ALJ entered an unfavorable decision. (Tr. 10-22). In this decision, the ALJ found Plaintiff met the insured status of the Act through December 31, 2021. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since March 31, 2015. (Tr. 12, Finding 2).

The ALJ then determined Plaintiff had the severe impairments of hypertension, morbid obesity, fibromyalgia, neuropathy of the bilateral lower extremities, and history of seizures. (Tr. 12, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 16-20). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC for a limited range of sedentary work. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found

there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 20, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) charge account clerk with approximately 3,002 jobs in the nation, (2) surveillance system monitor with approximately 2,994 jobs in the nation, and (3) addressing clerk with approximately 2,690 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from March 31, 2015, through the date of the decision. (Tr. 21, Finding 11).

On March 3, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff raises two arguments

for reversal: (A) the ALJ erred in the RFC determination and (B) the ALJ erred at Step 5. *Id.* The Court will consider each of these arguments.

### A. RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 16). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 10, Pgs. 5-8. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. (Tr. 16-20). The ALJ considered the results of objection diagnostic tests

and examination findings discussed these in his decision. *Id*. The ALJ also considered prior administrative findings of medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC. *Id.*

Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing her limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. Step 5 Determination

Plaintiff also argues the ALJ erred at Step 5 of the analysis in finding Plaintiff could perform other work that exists in significant number in the national economy. ECF No. 10, Pgs. 8-9. However, substantial evidence supports the ALJ's finding that other jobs exist in significant numbers in the national economy that Plaintiff could perform.

After finding the Plaintiff was unable to perform her PRW, the ALJ, determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20-21, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id*. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able

to perform the requirements of a representative occupation such as a charge account clerk with 3,002 such jobs in the nation, surveillance systems monitor with 2,994 such jobs in the nation, and addressing clerk with 2,690 such jobs in the nation. (Tr. 21).

In determining if "work exists in significant numbers," the Eighth Circuit has decided to ultimately leave to the trial judge's common sense the application of the significant numbers requirement to a particular claimant's factual situation. *See Johnson v. Chater,* 108 F.3d 178, 180 (8th Cir.1997); *Long v. Chater,* 108 F.3d 185, 188 (8th Cir.1997); *Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir.1988). Factors the trial judge should consider include the level of the claimant's disability, the reliability of both the claimant's and the VE's testimony, and the types and availability of work that the claimant could perform. *See Jenkins,* 861 F.2d at 1087.

In this matter the ALJ considered Plaintiff's particular impairments and abilities along with the VE's testimony and determined that a significant number of jobs existed that Plaintiff could perform. It should also be noted that Plaintiff failed to challenge the VE's job numbers during administrative proceedings before the agency.

The Court finds, based on the record in this case, that there is substantial evidence of a significant number of jobs available that Plaintiff can perform.

### 4.   Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE